# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT P. SCHULTZ, AND ALEXANDER SCHULTZ, REPRESENTATIVE,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM J. HENDERSON, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | Civil Action No. 01-1591<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff Albert P. Schultz's ("Schultz") Motion to Re-Open this Case and Consolidate it with the Pending Action at Civil Action Number 13-1363 into a Single Case Captioned Schultz v. Donahoe at Civil Action Number 01-1591. (Docket No. 5). Defendant U.S. Postal Service ("USPS") contends that Plaintiff has effectively abandoned Civil Action Number 01-1591, by pursuing Civil Action 05-1169 to final judgment. (Docket No. 7 at 7). Defendant also maintains that this Court should dismiss the 2001 case under Federal Rule of Civil Procedure 41(b) for failure to prosecute, and that re-opening the 2001 case serves no purpose, as every form of relief sought by Plaintiff is already pending before the Court in Civil Action Number 13-1363. *Id.* Plaintiff counters by asserting that Civil Action 01-1591 was a protective action to preempt any issue of timeliness concerning Plaintiff's petition for attorney's fees. (Docket No. 12 at 9-10). Upon consideration of all of the parties' filings, the parties' arguments at the Motion Hearing held in Civil Action Number 13-1363 at Docket Number 19, and for the reasons stated herein, Plaintiff's Motion to Re-Open [5] is DENIED.

As a threshold matter, the Court notes that "an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to

1

remove that case from the district court's active docket." *Penn W. Associates, Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004). "[A]dministrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013). "This means that a court may reopen a closed case—either on its own or at the request of either party—even if it lacks an independent jurisdictional basis for doing so." *Id.* ("[T]he court's order required it to act as a judicial backstop in the event that the arbitration fell apart. This practice is not only permissible but also laudable. When problems arise during arbitration, it often makes sense for the parties to return to a judge who is already familiar with the case."). "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *Penn W. Associates, Inc.*, 371 F.3d at 127.

Administrative closings are therefore not final decisions pursuant to Federal Rule of Civil Procedure 60(b), as Rule 60(b) "applies only to 'final' judgments and orders. *Id.* at 125. "The concept of 'finality' is well-settled." *Id.* The Third Circuit describes a final decision as "'one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree.'" *Id.* (quoting *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir.1993)). "[T]here is no final order if claims remain unresolved and their resolution is to occur in the district court." *Aluminum Co. of Amer. v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir.1997) ("Ordinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the

district court to do."). Based on this reasoning, the Third Circuit held, in *Penn W. Associates, Inc. v. Cohen*, that administrative closeouts were not final decisions pursuant to Rule 60(b):

> At the outset, we note that the order did not resolve, or even purport to resolve, any of the claims that Penn West presented to the District Court. Rather, its purpose was solely to direct the Clerk of the Court to mark Penn West's case as closed. More importantly, there was more for the District Court to do. The parties had to continue their litigation in both the District Court and the Bankruptcy Court to determine: (1) whether they had indeed "settled" their case in July 1999, and (2)(a) if so, the terms of that settlement and whether to approve it, or (b) if not, how to achieve a resolution of their ongoing dispute. Accordingly, the District Court's order does not satisfy our definition of a final decision.

*Penn W. Associates, Inc. v. Cohen*, 371 F.3d 118, 125-26 (3d Cir. 2004) (footnotes omitted).

Here, the administrative closeout of Civil Action 01-1591, (Docket No. 4), following the Joint Motion to Close Complaint Administratively pending final decision from the Merit Systems Protection Board, (Docket No. 3), is not a final decision, and may be re-opened by the Court upon an appropriate application. *See Penn W. Associates, Inc.*, 371 F.3d at 127. At oral argument in Civil Action 13-1363, Plaintiff advised this Court that "the only issue in this case is the timelines of the petitions before the MSPB," and "[t]hat action before the MSPB can only seek attorney fees before the MSPB as a matter of law." Motion Hearing Tr. 16:22-17:3 (Feb. 6, 2014). Plaintiff also seeks the consolidation of Civil Action Numbers 01-1591 and 13-1363 "because the USPS is already properly and timely a party in 01-1591." (Docket No. 12 at 13).

After considering all of the facts, and all of the filings presented by the parties, as well as the representations of counsel for the Plaintiff as an officer of the Court, the Court finds that the aforementioned relief sought by counsel for the Plaintiff does not require Civil Action Number 01-1591 to be reopened. First, the issue of the timeliness of the attorney fees petition before the MSPB is already properly before the Court under Civil Action 13-1363. To the extent that

Plaintiff maintains that the timeliness issue remains unresolved, the Court takes judicial notice[1] of the August 20, 2001 filing date of Civil Action 01-1591, as well as any documents that have been filed on the docket in the 2001 case. Second, the USPS is now a named Defendant in Civil Action 13-1363, and consolidation is not necessary to join the USPS as a party to Civil Action 13-1363. (Docket No. 21). The Court also notes that Plaintiff has filed a certificate of service on the U.S. Attorney's Office and the General Counsel's Office for the Postmaster General. (Docket No. 32). As with the issue concerning the timeliness of the attorney fees petition, the Court takes judicial notice that the USPS was the named defendant in the 2001 action. Finally, the Court will not dismiss the 2001 case, as Defendant has not filed a motion to dismiss.

For the aforementioned reasons, the Court denies Plaintiff's Motion to Re-Open [5], and Civil Action Number 01-1591 shall remain administratively closed at this time.

Based on the foregoing,

IT IS HEREBY ORDERED that,

1. Plaintiff's Motion to Re-Open Civil Action Number 01-1591 and Consolidate the same with Civil Action Number 13-1363 [5] is DENIED.

2. Civil Action Number 01-1591 shall remain administratively closed at this time.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 5, 2014
cc/ecf: All counsel of record.

---

[1] Federal Rule of Evidence 201, which covers judicial notice of adjudicative facts, sets forth that "[i]n a civil case, the court must instruct the jury to accept the noticed fact as conclusive." FED. R. EVID. 201. Adjudicative facts are ones that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Legislative facts, by contrast, are "established truths, facts or pronouncements that do not change from case to case but apply universally." *United States v. Gould*, 536 F.2d 216 (8th Cir. 1976).
   Here, it is undisputed that Plaintiff filed his Complaint at Civil Action Number 01-1591 as a "protective action," and names William J. Henderson, Postmaster General, United States Postal Service, as the Defendant. To that end, the Court takes judicial notice of the fact that the Complaint in Civil Action Number 01-1591 was filed on August 20, 2001, as well as the fact that the USPS was the named defendant in the 2001 action.